UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUL 21 AM 9: 22

CLERK

BY_____
DEPUTY CLERK

ESTATE OF WAYNE BRUNETTE, by )
BARBARA BRUNETTE, as personal )
representative and administratrix of the )
ESTATE OF WAYNE BRUNETTE, and )
BARBARA BRUNETTE, individually, )
               Plaintiffs )
)
      v. )    Docket No. 2:15-CV-61
)
CITY OF BURLINGTON, VERMONT; )
CITY OF BURLINGTON POLICE )
DEPARTMENT; CHIEF MICHAEL )
SCHIRLING, in his individual and )
official capacities; CPL. ETHAN )
THIBAULT, in his individual and official )
capacities; CPL. BRENT NAVARI, in )
his individual and official capacities, )
               Defendants )

## FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs by and through their undersigned counsel, and herby asset their Complaint against Defendants as follows:

### INTRODUCTION

The City of Burlington (the "City") saw a four hundred percent increase in the number of calls involving persons with mental health issues between the years 2008 and 2013. Despite this overwhelming growth in the number of mental health calls, the City displayed deliberate indifference to the unique nature of these calls and the appropriate response to be employed by its police department and other first responders. The City and the Burlington Police Department failed to properly train its officers in handling mental health calls, to implement policies that addressed the unique nature of these calls, and to provide reasonable accommodations that are required under the Americans with Disabilities Act.

On November 6, 2013, the City's failure to properly train its officers and to implement policies for dealing with persons having mental health issues resulted in the tragic death of

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

1

Wayne Brunette. Wayne's parents called the Burlington Police Department for assistance in handling Wayne who was experiencing a mental health crisis. Dispatch informed the responding officers that there was an individual suffering from a mental health crisis; however, there was no indication that anyone was in danger or that a crime had been committed. Despite the nature of the call, the officers responded to the scene without any plan in place for how they were going to handle the situation when they arrived. They arrived at the scene with the emergency lights on their cruisers on and created an atmosphere that they knew was likely to confuse and agitate a person experiencing a mental health crisis. Without first investigating and obtaining any information about what was transpiring, one officer (who later admitted he had no special training in dealing with persons with mental health problems, instead describing himself as a "natural") took it upon himself to engage with the Wayne in a manner that was more likely to escalate than diffuse the situation and deprived Wayne of his rights under both the United States and Vermont Constitutions as well as his rights under the Americans with Disabilities Act.

   As the situation escalated, responding officers Cpl. Thibault and Cpl. Navari, used unreasonable and excessive force in drawing their weapons and shooting and killing Wayne, who was wielding only a garden shovel. Witnesses to the scene placed Cpl. Thibault over twenty feet from Wayne Brunette when he fired his initial shot striking Wayne in the side. Although Cpl. Thibault knew that his first shot severely injured Wayne and that he no longer posed a serious threat to the safety of Cpl. Thibault or others, Cpl. Thibault made the deliberate decision to move towards Wayne and fire a second series of bullets into a man struggling to stand. Investigators from the Vermont State Police located three shell casings in the grass more than 20 feet from where Wayne was shot and fell to the ground, consistent with witness accounts. Upon information and belief, not only did the City condone Cpl.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

Thibault's actions an acceptable use of deadly force, these unconstitutional practices are sanctioned under the Burlington Police Department's policy for the use of deadly force.

As a result of the City's failure to train its officers, the Burlington Police Department's inept response, and the unconstitutional use of deadly force, Lawrence and Dolly Brunette watched their son be killed on their front lawn, Barbara Brunette lost her husband, and Aubree and Cristina Brunette lost their father.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, §§ 1983 and 12101 *et seq.*, and Vermont Law. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. This Court has subject matter jurisdiction over Plaintiffs' pendent or supplemental state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) and (e) in that the unlawful actions challenged herein occurred in the District and all of the parties reside in the District.

## PARTIES

3. Plaintiff is the Estate of Wayne Brunette, Deceased. At the time of his death, Wayne Brunette was a resident of the City of Burlington, in the County of Chittenden, State of Vermont. The suit is brought by its duly appointed administratrix, Barbara Brunette. On or about November 25, 2013, Barbara Brunette was issued a certificate of appointment as the administratrix and sole legal representative of the estate of Wayne Brunette, by Order of Chittenden County Probate Judge Susan Fowler. (See Exhibit A.) As of the date of filing, Barbara Brunette serves in this capacity.

4. Plaintiff Barbara Brunette is a resident of the City of Burlington in the County of Chittenden, State of Vermont. She is the wife and personal representative of Wayne Brunette.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

3

5. Defendant City of Burlington is a municipality in the State of Vermont and owns, operates, manages, directs, and controls the Burlington Police Department.

6. Defendant Burlington Police Department is a subsidiary of the City of Burlington and is responsible for providing law enforcement services to the City of Burlington.

7. Defendant Chief Michael Schirling, is and was at all times relevant to this Complaint the Chief of Police for the Burlington Police Department. In that capacity, he is the official responsible for setting and enforcing the policies, customs, and practices of the Burlington Police Department. He is sued in his individual and official capacity.

8. Defendant Cpl. Ethan Thibault, is and was at all times relevant to this Complaint an officer in the Burlington Police Department. He is sued in his individual and official capacity.

9. Defendant Cpl. Brent Navari, is and was at all times relevant to this Complaint an officer in the Burlington Police Department. He is sued in his individual and official capacity.

10. At all times relevant to this Complaint, all Defendants acted under color of state law.

## FACTS

11. The Americans with Disabilities Act defines the term "disability" with respect to an individual as:

    a. a physical or mental impairment that substantially limits one or more life activities of such individual;

    b. a record of such impairment; or

    c. being regarded as having such an impairment.

12. The antidiscrimination provision in Title II of the Americans with Disabilities Act applies to all law enforcement activities, including investigation and arrest.

13. Wayne Brunette was a 49 year old male who had a mental impairment that substantially limited one or more major life activities, had a record of such impairment and was

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

regarded as having such impairment. As such, Wayne qualified as a person with a disability under the Americans with Disabilities Act.

14. Wayne Brunette lived with his wife in a second story apartment at 85 Randy Lane in Burlington, Vermont.

15. Wayne's parents, Lawrence and Ruthine "Dolly" Brunette, lived on the first floor at 85 Randy Lane in Burlington, Vermont.

16. On November 6, 2013, Wayne experienced a mental health episode which led him to display erratic behavior, including cutting down part of a tree in the front yard of the residence that he shared with his wife and parents.

17. Wayne's mother Dolly Brunette called the Burlington Police Department seeking assistance in dealing with her son.

18. While speaking with Dispatch, Dolly Brunette unequivocally stated that Wayne had mental health issues.

19. During the phone call, Dolly Brunette also stated that Wayne had returned to his own apartment, and that she and her husband were safe in their own home.

20. At no time during the phone call did Dolly Brunette allege that a crime had occurred.

21. Dispatch radioed Cpl. Thibault and Cpl. Navari and requested that they respond to a "Mental Health Issue."

22. Dispatch informed Cpl. Thibault and Cpl. Navari that Wayne was in the apartment upstairs and that the caller was safe downstairs and was advised to stay inside with the door locked.

23. Cpl. Thibault and Cpl. Navari had actual notice from dispatch that they were responding to a call involving a person with mental disabilities and who was experiencing a mental health crisis.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

24. Cpl. Thibault and Cpl. Navari had actual notice from dispatch that the caller was safely in her own home and that there was no indication that Wayne was posing a threat, or risk of threat, to the safety of his parents or others.

25. The Burlington Police Department, Cpl. Thibault, and Cpl. Navari had an affirmative duty to afford Wayne reasonable accommodations pursuant to the Americans with Disabilities Act.

26. Cpl. Thibault stated that after he received the call, he and Cpl. Navari made no specific plan prior to responding to the scene.

27. Cpl. Navari and Cpl. Thibault arrived at the scene in two separate cruisers.

28. Upon information and belief, Cpl. Navari and Cpl. Thibault arrived on the scene with the blue emergency lights activated on their cruisers.

29. The Burlington Police Department, Cpl. Thibault, and Cpl. Navari are aware that emergency lights can cause persons experiencing a mental health crisis to become confused and agitated.

30. Upon information and belief, Cpl. Thibault parked on the northern edge of the property and approached the front lawn to speak with Dolly and Lawrence Brunette.

31. While speaking with Dolly and Lawrence Brunette, Cpl. Thibault was again told that Wayne suffered from Mental Health issues and previously had been hospitalized at the State Mental Health Facility in Waterbury, VT.

32. Upon information and belief, Cpl. Navari parked on the southern edge of the property and approached the house on the sideway near the driveway.

33. Upon information and belief, as Cpl. Navari approached the house he noticed Wayne standing upstairs above the garage.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

34. Despite knowledge that there was a person experiencing a mental health crisis, Cpl. Navari decided to forego investigating what was transpiring and ordered Wayne to come downstairs.

35. At the time that Cpl. Navari ordered Wayne to come downstairs, Wayne had displayed no aggression towards the officers or any other person and was not in a position to pose a threat towards the officers or any other person.

36. At the time that Cpl. Navari ordered Wayne to come downstairs there were no exigent circumstances or immediate need for Cpl. Navari to confront and yell commands to a person suspected of experiencing a mental health crisis.

37. In an interview given days after the incident, Cpl. Navari acknowledged that he had no special training for handling persons with mental health issues.

38. Nothing prevented Cpl. Navari and Cpl. Thibault from calling for assistance from other officers, a crisis negotiation team, or a mental health professional prior to Cpl. Navari taking it upon himself to engage Wayne Brunette.

39. Crisis intervention and de-escalation strategies exist and have been adopted by police departments around the United States that rely on the use of time, containment, and coordination with trained staff to reach non-lethal and safe resolutions for both the suspect and police.

40. The City of Burlington and the Burlington Police Department have failed to train their police officers in the widely accepted use of crisis intervention and de-escalation strategies in handling mental health calls.

41. Cpl. Thibault and Cpl. Navari failed to employ widely accepted crisis intervention and de-escalation strategies when they responded to the mental health call at 85 Randy Lane on November 6, 2013.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

42. Shortly after Cpl. Navari ordered him downstairs, Wayne exited the garage with a 4 foot long spaded shovel and approached Cpl. Navari.

43. Cpl. Navari immediately pulled out his firearm and pointed it at Wayne and yelled at Wayne to put the shovel down.

44. Cpl. Navari was equipped with OC spray, but chose not to employ this non-lethal use of force to control the situation.

45. Upon information and belief, the Burlington Police Department had Tasers available but failed to equip Cpl. Navari or Cpl. Thibault with this non-lethal device.

46. Witnesses described Wayne as holding the shovel in a horizontal fashion and "poking" or "jabbing" in the direction of Cpl. Navari.

47. As Wayne approached Cpl. Navari, he held the shovel horizontal and poked and jabbed with the shovel.

48. As Wayne approached Cpl. Navari, Cpl. Navari took several steps back maintaining distance between himself and Wayne.

49. At no time did Wayne make physical contact with Cpl. Navari.

50. Cpl. Thibault observed what was occurring from approximately 30 feet away and yelled at Wayne, also pointing his own gun at Wayne.

51. Upon information and belief, Cpl. Thibault was also equipped with OC spray, but choose not to employ this non-lethal means of controlling Wayne.

52. Upon information and belief, Cpl. Thibault has been the subject of previous complaints alleging the use of excessive force.

53. Upon information and belief, the Burlington Police Department knew, or should have known, that Cpl. Thibault was the subject of previous complaints alleging the use of excessive force.

54. As Wayne turned towards Cpl. Thibault, Cpl. Thibault shot Wayne.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

55. Witnesses to the shooting place Cpl. Thibault at least 22 feet from Wayne when he fired his first shot.

56. Cpl. Thibault was at least 22 feet from Wayne when he fired his first shot.

57. Cpl. Thibault fired either one or two shots at Wayne Brunette that struck him in the left side of the body.

58. Wayne was severely injured by the initial shot(s), but attempted to take stay on his feet.

59. Cpl. Thibault claimed that after Wayne was shot, Wayne continued to approach Cpl. Thibault.

60. Despite the fact that Wayne was wounded by the initial shot(s) and still more than 20 feet from Cpl. Thibault, Cpl. Thibault made the decision to move towards Wayne and to fire two to three more times.

61. Investigators from the Vermont State Police located three bullet casings in the grass on the front lawn.

62. All three of the bullet casings located by the Vermont State Police were more than 20 feet from where Wayne came to a final rest on the ground after being shot four times by Cpl. Thibault.

63. When Cpl. Thibault fired his first shot, Wayne could not have struck him with a four foot long shovel.

64. When Cpl. Thibault decided to fire a second round of shots at Wayne, he did so knowing that Wayne no longer posed a serious threat to either Cpl. Thibault or Cpl. Navari.

65. When Cpl. Thibault fired his second series of shots, Wayne could not have struck him with a four foot long shovel.

66. In total, Cpl. Thibault fired four bullets at Wayne.

67. Wayne was struck by all four bullets fired by Cpl. Thibault.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

68. One bullet stuck Wayne in the left abdomen, traveling from his left to right side with a slight downward trajectory.

69. One bullet struck Wayne in the left hip, travelling from his left to right side with a slight downward trajectory.

70. One bullet struck Wayne in the left biceps, passed through his arm and entered his left chest, travelling from his left to right side on a steep downward trajectory; piercing Wayne's heart in the process.

71. One bullet struck Wayne in the left back, travelling from his left to his right side with a slight upward trajectory; severing Wayne's spine in the process.

72. In an interview after the shooting, Cpl. Thibault alleged that Wayne was approaching him and was within striking distance when all four shots were fired.

73. It remains unclear how Wayne was shot in the back if he was approaching and causing a threat to Cpl. Thibault.

74. After Cpl. Thibault shot Wayne four times, neither Cpl. Navari nor Cpl. Thibault rendered medical aid to Wayne.

75. At 4:26:39, Cpl. Thibault notified dispatch that shots were fired and requested assistance from the Burlington Fire Department.

76. The Burlington Fire Department responded to the scene and rendered medical aid to Wayne and transported him via ambulance to the Emergency Room at Fletcher Allen Health Center.

77. While Wayne was still alive, doctors attempted to save his life by performing an emergency thoracotomy.

78. Wayne was unable to recover from the shooting and was pronounced dead at 5:05 pm.

79. Wayne Brunette experienced significant pain and suffering, and eventual death as the direct and proximate result of the Defendants' unconstitutional and unlawful actions.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## COUNT I

### VIOLATION OF 42 U.S.C. § 1983

80. Paragraphs 1 through 79 of the Complaint are incorporated by reference and fully set forth herein.

81. When Defendant Thibault made the decision to use deadly force, he willfully and in violation of Chapter I, Article 11 of the Vermont Constitution and the Fourth and Fourteenth Amendments to the United States Constitution as implemented by 42 U.S.C. § 1983 subjected Wayne Brunette to an unreasonable seizure employing unreasonable use of force not reasonably justified by the threat that Wayne posed to Cpl. Thibault or Cpl. Navari.

82. Wayne Brunette's constitutional right to be free from an unreasonable seizure employing unreasonable use of force was "clearly established" at the time of the shooting.

83. Wayne Brunette lost his life after incurring substantial pain and injury as a direct and proximate result of Defendant Thibault's willful unconstitutional actions. Wayne Brunette filed no action during his lifetime to recover for the injuries resulting from the unlawful acts set forth above.

84. Pursuant to 14 V.S.A. §§ 1451-1453, Plaintiff Barbara Brunette as administratrix of the estate of Wayne Brunette claims damages for pain and suffering incurred by Wayne Brunette resulting from the unlawful acts set forth above.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983

85. Paragraphs 1 through 84 of the Complaint are incorporated by reference and fully set forth herein.

86. When Defendant Thibault made the decision to use deadly force a second time after already incapacitating Wayne Brunette, he did so knowing that Wayne Brunette no longer

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

posed a legitimate risk to his or Cpl. Navari's safety and he willfully and in violation of Chapter I, Article 11 of the Vermont Constitution and the Fourth and Fourteenth Amendments to the United States Constitution as implemented by 42 U.S.C. § 1983 subjected Wayne Brunette to an unreasonable seizure employing unreasonable use of force not reasonably justified by the threat that Wayne posed to Cpl. Thibault or Cpl. Navari.

87. Wayne Brunette's constitutional right to be free from an unreasonable seizure employing unreasonable use of force was "clearly established" at the time of the shooting.

88. Wayne Brunette lost his life after incurring substantial pain and injury as a direct and proximate result of Defendant Thibault's willful unconstitutional actions. Wayne Brunette filed no action during his lifetime to recover for the injuries resulting from the unlawful acts set forth above.

89. Pursuant to 14 V.S.A. §§ 1451-1453, Plaintiff Barbara Brunette as administratrix of the estate of Wayne Brunette claims damages for pain and suffering incurred by Wayne Brunette resulting from the unlawful acts set forth above.

## COUNT III

## §1983 MONELL CLAIM AGAINST THE CITY OF BURLINGTON

90. Paragraphs 1 through 89 of the Complaint are incorporated by reference and fully set forth herein.

91. The City of Burlington displayed deliberate indifference to the increasing problem of mental health calls in the city by failing to properly train its officers and institute policies to ensure that persons with disabilities are provided reasonable accommodations as required under the Americans with Disabilities Act as implemented by 42 U.S.C. § 1983.

92. The City of Burlington displayed deliberate indifference to the increasing problem of mental health calls in the city by failing to properly train its officers and institute policies

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

12

to ensure that the right to be free from unreasonable and excessive force during seizure as provided by Chapter I, Article 11 of the Vermont Constitution and the Fourth and Fourteenth Amendments to the United States Constitution as implemented by 42 U.S.C. § 1983 is not violated.

93. Wayne Brunette's constitutional right to be free from an unreasonable seizure employing unreasonable use of force was "clearly established" at the time of the shooting.

94. Additionally, the City of Burlington is responsible for the constitutional violations by:
    a. Inadequately supervising and/or training its officers concerning the use of deadly force;
    b. Training and instituting policies that allow for the premature use of excessive deadly force;
    c. Training and instituting policies that allow for the continued use of excessive deadly force even after the risk has been eliminated;
    d. Failing to train officers concerning interactions with individuals experiencing mental health crisis.
    e. Failing to institute policies for handling a person experiencing a mental health crisis.
    f. Failing to adequately discipline or retrain officers involved in misconduct; and
    g. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, and other misconduct.

95. The policies for the use of deadly force as established by the City of Burlington, the Burlington Police Department, and Chief Michael Schirling are unconstitutional on their face and as applied to this situation.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

96. The City of Burlington, the Burlington Police Department and Chief Michael Schirling ratified the conduct of Cpl. Thibault and Cpl. Navari, and continue to approve and condone the officer's actions in their entirety

97. The known and obvious consequence of the policies in place and the failure to properly train its officers was that Burlington Police officers would be placed in recurring situations in which the constitutional violations described in this Complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of state law, would result.

## COUNT IV

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

98. Paragraphs 1 through 97 of the Complaint are incorporated by reference and fully set forth herein.

99. As providers of governmental services, Defendants had a duty to comply with Title II of the Americans with Disabilities Act prohibiting discrimination against a person with disabilities, a history of having disabilities or who are perceived to have a disability.

100. As of the date of his death, Wayne Brunette met all three prongs of eligibility for application of the Americans with Disability Act.

101. Defendants were on notice from the initial call by Dolly Brunette that Wayne suffered from mental health problems and was experiencing a mental health crisis.

102. Defendants acted in violation of the Americans with Disabilities Act when they failed to provide Wayne Brunette with reasonable accommodations to his known and qualifying disability in their interactions with Wayne Brunette on the day they shot and killed him.

103. As a direct and proximate result of the Defendant's violation of the Americans with Disabilities Act set forth above, Wayne Brunette suffered substantial pain and suffering eventually resulting in his death.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

104. As a direct and proximate result of the Defendant's violation of the Americans with Disabilities Act set forth above, Plaintiff Barbara Brunette incurred substantial emotional, physical, and financial harm.

## COUNT V

### ASSAULT AND BATTERY

105. Paragraphs 1 through 104 of the Complaint are incorporated by reference and fully set forth herein.

106. Defendant Thibault, aided and abetted by the other Defendants, assaulted and battered Plaintiff Wayne Brunette.

107. Wayne Brunette lost his life after incurring substantial pain and injury as a direct and proximate result of Defendant Thibault's unlawful assault and battery. Wayne Brunette filed no action during his lifetime to recover for the injuries resulting from the unlawful acts set forth above. Pursuant to 14 V.S.A. §§ 1451-1453, Plaintiff Barbara Brunette as Administratrix of the estate of her husband Wayne Brunette claims damages for pain and suffering incurred by Wayne Brunette resulting from the unlawful acts set forth above.

## COUNT VI

### NEGLIGENCE

108. Paragraphs 1 through 107 of the Complaint are incorporated by reference and fully set forth herein.

109. Defendants were negligent in training their dispatch operators how to assess and report whether a subject of a complaint was a person with a qualifying disability requiring reasonable accommodations pursuant to the Americans with Disabilities Act.

110. Defendants were negligent in their failure to properly relay information from dispatch to the responding officers regarding the fact that Wayne Brunette was mentally ill, that there was no immediate danger to any persons, and that no crimes had been committed.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

111. Defendants were negligent in sending officers with minimal and inadequate training to respond to a situation involving a person with a known mental health problem who was experiencing a crisis.

112. Defendants Cpl. Navari and Cpl. Thibault were negligent by responding to a mental health crisis with no plan in place, and engaging the person experiencing the mental health crisis prior to obtaining sufficient information to assess the situation.

113. Defendants City of Burlington, Burlington Police Department, and Chief Michael Schirling were negligent in the hiring and retention of Cpl. Thibault who has had numerous complaints filed against him for the use of excessive force and for sending him as a responding officer to a mental health crisis.

114. Wayne Brunette lost his life after incurring substantial pain and injury as a direct and proximate result of Defendant negligence. Wayne Brunette filed no action during his lifetime to recover for the injuries resulting from the unlawful acts set forth above. Pursuant to 14 V.S.A. §§ 1451-1453, Plaintiff Barbara Brunette as Administratrix of the estate of her husband Wayne Brunette claims damages for pain and suffering incurred by Wayne Brunette resulting from the unlawful acts set forth above.

## COUNT VII
## LOSS OF CONSORTIUM

115. Paragraphs 1 through 114 of the Complaint are incorporated by reference and fully set forth herein.

116. As a result of the aforementioned shooting and death of Wayne Brunette, Plaintiff Barbara Brunette lost the care, comfort, society, aid and companionship of her husband and suffered damages to the marital relationship.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

117. As a result of the aforementioned shooting and death of Wayne Brunette, Wayne's daughter Aubree Brunette lost the care, comfort, society, aid and companionship of her father and suffered damages.

118. As a result of the aforementioned shooting and death of Wayne Brunette, Wayne's daughter Cristina Brunette lost the care, comfort, society, aid and companionship of her father and suffered damages.

119. The derivative loss of consortium injuries sustained by Plaintiff Barbara Brunette, Wayne's daughters Aubree and Cristina Brunette, were the direct and proximate result of the Defendants' actions as described herein.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL HARM

120. Paragraphs 1 through 119 of the Complaint are incorporated by reference and fully set forth herein.

121. Defendants Cpl. Thibault and Cpl. Navari willfully and intentionally inflicted emotional distress upon Wayne Brunette when they created a situation intended to elicit an emotional response and confuse a person experiencing a mental health crisis, pointed their weapons at Wayne Brunette, and eventually shot and killed him.

122. Wayne Brunette filed no action during his lifetime to recover for the injuries resulting from the unlawful acts set forth above. Pursuant to 14 V.S.A. §§ 1451-1453, Plaintiff Barbara Brunette as Administratrix of the estate of her husband Wayne Brunette claims damages for the intentional infliction of emotional harm incurred by Wayne Brunette resulting from the unlawful acts set forth above.

## COUNT IX

### WRONGFUL DEATH AND SURVIVAL ACTION

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

123. Paragraphs 1 through 122 of the Complaint are incorporated by reference and fully set forth herein.

124. The death of Wayne Brunette on November 6, 2013, was directly and proximately caused by Defendants.

125. Wayne Brunette did not die immediately from the bullet wounds from Cpl. Thibault's gun.

126. Wayne Brunette experienced extreme pain and suffering as he lay dying after being shot by Cpl. Thibault.

127. Ultimately, Wayne Brunette died from the injuries directly and proximately caused by Defendants.

128. Plaintiff Barbara Brunette as Administratrix of the estate of her husband Wayne Brunette claims all damages afforded to her pursuant to the Vermont Survival Statutes, 14 V.S.A. §§ 1451 *et seq* and the Vermont Wrongful Death Statutes, 14 V.S.A. § 1492 *et seq* resulting from the unlawful acts set forth above.

## RELIEF

WHEREFORE, Plaintiff respectfully requests entry of judgment in their favor and against Defendants as follows:

   A. For compensatory damages in an amount to be determined at trial;

   B. For punitive damages against individual Defendants in an amount to be determined at trial;

   C. For reasonable costs of this suit and attorneys' fees; and

   D. For such further relief as the Court may deem just, proper, and appropriate.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts set forth above.

Dated at Burlington, VT, this 8 day of July 2015.

                                 ESTATE OF WAYNE BRUNETTE, by
BARBARA BRUNETTE, as personal
representative and administratrix of the
ESTATE OF WAYNE BRUNETTE, and
BARBARA BRUNETTE, individually,
Plaintiffs

By: _____
     Richard R. Goldsborough, Esq.
     Attorney for Plaintiffs

By: _____
     Steven A. Adler, Esq.
     Attorney for Plaintiffs

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile